Mr. Justice Scott delivered the opinion of the Court. The plaintiff in error was convicted, under the provisions of the second section of the statute against obstructing process, &c.. (Digest, ch. 51, art. 4, p. 359,) and fined fifty dollars. The indictment, in the usual form in other respects and containing but one count, exhibits the charge that the defendant below “knowingly and wilfully did obstruct and resist one James S. Sillman, who was then and there constable of Illinois township, in said county of Pope, in said State of Arkansas, in the attempt to serve a certain writ of execution, then and there in his hands, against him, the said George Slicker, contrary to the form of the statute in such cases made and provided,” &c. After verdict of' guilty, the defendant below appears to have filed a motion in arrest of judgment and for a new trial; but how this motion was disposed of, does not appear, otherwise than that final judgment •was rendered.'in accordance with the verdict of the jury. The .cause was brought here by writ of error, and, after assignment of errors and joinder, was regularly argued and submitted. Two objections are taken to the indictment: 1st. That it is double — charging two separate offences : 2d. That the writ, the .service of which is charged to have been obstructed and resisted, is not sufficiently described to show that it was valid. And there is no other question raised. As to the first, we think there is no probability that the legislature, in regulating the offence proceeded for in this case, had .any intention to define two several offences predicated upon any distinction between the obstruction and resistance to the service ■of process; and therefore, whether the opposition or impediment contemplated by the law be manifested in an active or in a passive form, cannot be at all material. Doubtless an indictment charging appropriately obstruction without express resistance or pice versa, would be good; and the only consequence of charging both in express terms, would be the necessity for a corresponding quantum of proof which would, in general, be the same in either case. We think, therefore, that’¡there is nothing in this objection; and no more in the other, because, under the allegation as to the writ of execution, it was not competént for the ¿State to have produced in evidence any other than a valid writ upon its face corresponding with the description alleged, and these allegations sufficiently advised the defendant for what he was called upon to answer. Finding no error in the record, the judgment must be affirmed with costs.